IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT T. HAYOOD,<br>O/B/O T.A.H., a minor,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | : Civil No. 1:26-CV-00801<br>:<br>:<br>:<br>:<br>:<br>: (Chief Magistrate Judge Bloom)<br>:<br>:<br>:<br>: |

# MEMORANDUM OPINION

## I. Introduction

Lamont Hayood filed an application under Title XVI of the Social Security Act for supplemental security income on behalf of his minor son, T.A.H. on April 12, 2022.[1] Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ found that T.A.H. was not disabled since the date of the application.[2]

Hayood now appeals this decision, arguing that the ALJ's decision is not supported by substantial evidence. After a review of the record, and mindful of the fact that substantial evidence "means only—'such

[1] Tr. 22.
[2] Tr. 29.

relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'"[3] we conclude that substantial evidence supports the ALJ's findings in this case. Therefore, we will affirm the decision of the Commissioner denying this claim.

## II. Statement of Facts and of the Case

Hayood filed for supplemental security income on behalf of his son, T.A.H., who was 8 years old at the time of his application.[4] He alleged an onset date of April 1, 2022.[5] T.A.H. alleged disability based on attention deficit hyperactivity disorder ("ADHD"), speech and occupational issues.[6]

An ALJ held a hearing on T.A.H.'s disability application on July 8, 2025.[7] T.A.H.'s father, Hayood, appeared and testified at this hearing.[8] Following this hearing, on September 8, 2025, the ALJ issued a decision denying T.A.H.'s application for supplemental security income.[9] The ALJ

[3] *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).
[4] Tr. 80. We note that T.A.H. was not an "infant" as indicated in Hayood's briefing. *See* Doc. 11 at 1.
[5] Tr. 80.
[6] *Id.*
[7] Tr. 22.
[8] *Id.*
[9] Tr. 26.

first concluded that T.A.H. had not engaged in substantial gainful activity since his application date.[10] At Step 2 of the sequential analysis that governs disability claims, the ALJ found that T.A.H. suffered from severe impairments of ADHD, and speech and language impairments.[11]

At Step 3, the ALJ assessed T.A.H.'s functions in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being, and concluded that T.A.H. does not have an impairment or combination of impairments that met or equaled the severity of a listed impairment under the Commissioner's regulations.[12]

Regarding (1) acquiring and using information, (2) attending and completing tasks, and (3) interacting and relating with others, the ALJ noted that T.A.H.'s education records reflected that he was doing well academically, earning average to excellent grades, learning to read, following directions, completing his work, and getting along with

---

[10] Tr. 23.
[11] Id.
[12] *Id.*

others.[13] The ALJ also found no evidence of any limitations in the domains of (4) moving about and manipulating objects, (5) caring for self, and (6) health and physical well-being domain, considering his normal physical examinations, proficiency in physical education, and absence of any problem noted in the teacher questionnaire from November 2023.

In making these findings, the ALJ acknowledged that, although T.A.H was diagnosed with ADHD, his mental status examination was largely normal, with normal appearance, no behavior concerns, normal speech, appropriate affect, goal directed thought process and content consistent with age.[14] T.A.H. was also diagnosed with mild to moderate speech and language delays with moderate speech intelligibility deficits and received occupational and speech therapy services for approximately two months in 2022, but there were no treatment records for these services in 2023, 2024, or 2025.[15] By 2024, T.A.H. was found not eligible for special education and related services because he was within the average range for speech and language and fine motor skills.[16]

---

[13] Tr. 28.
[14] Tr. 26.
[15] Tr. 26, 28.
[16] Tr. 28.

Accordingly, because the ALJ did not assess two "marked" or one "extreme" limitation in any domain, the ALJ concluded that T.A.H. did not meet the criteria for supplemental security income and denied his application.[17]

This appeal followed. On appeal, Hayood argues that the ALJ failed to develop the record.[18] This case is fully briefed and is therefore ripe for resolution. For the reasons set forth below, we will affirm the decision of the Commissioner.

## III. Discussion

### A. Child Disability Applications – Standard of Review

The Social Security Act considers a child disabled if the child has a severe physical or mental impairment such that "he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."[19] A claimant must show that he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be

---

[17] Tr. 29.
[18] Doc. 11.
[19] 42 U.S.C. § 1382c(a)(3)(B).

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[20] Such an impairment must meet, medically equal, or functionally equal a listed impairment.[21]

An ALJ follows a three-step process to determine if a child is disabled under the Act.[22] The ALJ must sequentially determine (1) whether the child is engaged in substantial gainful activity; (2) whether the child has an impairment or combination of impairments that is severe; and (3) whether the severe impairment(s) meets, medically equals, or functionally equals a listed impairment.[23] To determine if an impairment functionally equals a listing, the ALJ considers six domains of functioning: (i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for oneself; and (vi) health and physical well-being.[24] To be considered functionally equivalent to a listed

[20] *Id.* § 1382c(a)(3)(C)(i).
[21] 20 C.F.R. § 416.924(d); 20 C.F.R. Part 404, Sbpt. P, App'x 1.
[22] 20 C.F.R. § 416.924(a).
[23] *Id.*
[24] 20 C.F.R. § 416.926a(b)(1).

impairment, an impairment must result in at least two "marked" limitations or one "extreme" limitation in these areas of functioning.[25]

B. Substantial Evidence Review – the Role of this Court

This Court's review of the Commissioner's decision to deny benefits is limited to the question of whether the findings of the final decision-maker are supported by substantial evidence in the record.[26] Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[27] Substantial evidence means less than a preponderance of the evidence but more than a mere scintilla.[28] A single piece of evidence is not substantial evidence if the ALJ "ignores, or fails to resolve, a conflict created by countervailing evidence."[29] The court

[25] *Id.* § 416.926a(a).
[26] *See* 42 U.S.C. §405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012).
[27] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).
[28] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).
[29] *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)) (internal quotations omitted).

must "scrutinize the record as a whole" to determine if the decision is supported by substantial evidence.[30]

When conducting this review, we must remain mindful that "we must not substitute our own judgment for that of the fact finder."[31] Thus, we cannot re-weigh the evidence. Instead, we must determine whether there is substantial evidence to support the ALJ's findings. In doing so, we must also determine whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision.[32] This does not require the ALJ to use "magic" words, but rather the ALJ must discuss the evidence and explain the reasoning behind his or her decision with more than just conclusory statements.[33] Ultimately, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests."[34]

---

[30] *Leslie v. Barnhart*, 304 F. Supp.2d 623, 627 (M.D. Pa. 2003).
[31] *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)).
[32] *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000).
[33] *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations omitted).
[34] *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).

C. <u>The ALJ's decision is Supported by Substantial Evidence.</u>

Our review of the ALJ's decision denying an application for benefits is deferential; we must simply determine whether the ALJ's decision is supported by substantial evidence in the record. Judged against this deferential standard, we conclude that substantial evidence supported the ALJ's decision in this case.

Hayood's sole argument on appeal is that the record was not fully developed. Specifically, Hayood argues that the ALJ was required to obtain outstanding records from Charlotte Lappla Elementary and speech therapy records from Galeton Health Center.[35] Yet, this overlooks the well-settled principle that "the claimant bears the burden to develop the record regarding his or her disability."[36] "Although the ALJ has the duty to assist a claimant in developing a full and fair record, she is not required to search out relevant evidence which might be available, since

[35] Doc. 11 at 8.
[36] *Brown v. Comm'r of Soc. Sec.*, 2020 WL 1244186, at *3 (E.D. Pa. Mar. 16, 2020) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Rutherford*, 399 F.3d at 551); *Matthews v. Apfel*, 239 F.3d 589, 595 (3d Cir. 2001) ("[I]t is a much sounder policy to require claimants to present all material evidence to the ALJ and prohibit judicial review of new evidence unless there is good reason for not having brought it before the ALJ.").

that would in effect shift the burden of proof to the government."[37] The ALJ's duty is to ensure the record contains sufficient evidence to make a disability determination—not to "'make a case' for every claimant."[38]

Further, the Third Circuit has recognized that the ALJ's duty to develop the record "is most acute where the claimant is unrepresented[.]"[39] Otherwise, the claimant's "counsel [is] responsible for ensuring that the ALJ was aware of any facts favorable to [the claimant]'s claim for benefits."[40] As such, when a claimant is "represented by counsel at the administrative level, the ALJ is entitled to assume that the claimant is making the strongest case possible for benefits."[41] Given this presumption, courts have consistently rejected accusations that an ALJ failed to develop the record where the claimant's

[37] *Myers v. Berryhill*, 373 F. Supp. 3d 528, 539 (M.D. Pa. 2019) (citation modified) (quoting *Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995)).
[38] *Durden v. Colvin*, 191 F. Supp. 3d 429, 449 (M.D. Pa. 2016) (quoting *Kenyon v. Colvin*, 2013 WL 6628057) (M.D. Pa. 2013)).
[39] *Turby v. Barnhart*, 54 F. App'x 118, 122–23 (3d Cir. 2002) (not precedential) (citing *Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir.1980)).
[40] *Id.*; *see* 20 C.F.R. § 404.1740(b)(1) (stating that counsel is "obligat[ed] to assist the claimant in bringing to [the Administration's] attention everything that shows that the claimant is disabled");
[41] *Myers v. Berryhill*, 373 F. Supp. 3d 528, 539 (M.D. Pa. 2019)

counsel accepted responsibility to obtain missing records and the ALJ left the record open to allow counsel to do so.[42]

Here, the ALJ complied with her duty to develop the record. At the conclusion of the administrative hearing on July 8, 2025, the ALJ kept the record open for 30 days to give Hayood time to submit additional evidence.[43] The ALJ emphasized to Hayood and his counsel that if the records were not submitted by the deadline, and absent a showing of good cause, she would issue a decision based on the available evidence.[44] The ALJ assured that if the outstanding evidence required a supplemental

[42] *See Fuller v. Bisignano*, No. 4:25-CV-01585, 2026 WL 2620347, at *3 (M.D. Pa. Sept. 4, 2026) ("Other than arguing that the ALJ was put on notice of [outstanding] records, [the claimant] fails to provide any good reason for not having brought [the] records before the ALJ, even though he was given an extra thirty days to do so."); *Jordan v. Comm'r of Soc. Sec.*, 142 F. App'x 542, 543 (2d Cir. 2005) (holding that the ALJ fulfilled his duty to develop the record where the ALJ kept the record open for the claimant's counsel to obtain outstanding records and did not request assistance from the ALJ to secure evidence); *Rawlings v. Bisignano*, No. 2:26-CV-00500, 2026 WL 3178561, at *7 (W.D. Pa. Oct. 23, 2026) (rejecting that the ALJ failed to develop the record where the ALJ kept the record open and "Plaintiff's counsel failed to submit, or request additional time to obtain, additional medical records.").

[43] Tr. 53.

[44] Tr. 54.

hearing, one would be arranged.[45] Additionally, the ALJ allowed counsel to submit a post-hearing brief.[46]

Despite these opportunities, Hayood did not submit the outstanding records. Nor did Hayood notify the ALJ of any difficulties obtaining the records, request the ALJ's assistance, or submit a post-hearing brief to support T.A.H.'s case. On appeal, Hayood offers no good cause for failing to produce the records,[47] and, notably, Hayood does not offer the records now or explain how they would have changed the outcome.[48] Ultimately,

---

[45] Tr. 43.

[46] Tr. 53, 71. We note that the ALJ's efforts to develop the record occurred notwithstanding Hayood's repeated interruptions and combative behavior during the proceedings, including Hayood's challenges to the legitimacy of the administrative adjudication process and objections to the ALJ's role as the adjudicator. Tr. 39-50.

[47] *See Matthews*, 239 F.3d at 594 ("[T]he [Social Security] Act gives the district court authority to remand the case to the Commissioner, but only if the claimant has shown good cause why such new and material evidence was not presented to the ALJ.")

[48] Social Security appeals are subject to harmless error analysis, under which a remand is warranted only if the plaintiff shows the error prejudiced his "substantial rights" by likely affecting the outcome of the proceeding. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (requiring the party attacking the agency's determination to explain how the error "could have made any difference."); *see e.g. Hyer v. Colvin*, 72 F. Supp. 3d 479, 494 (D. Del. 2014); *Holloman v. Comm'r Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016); *see Rutherford*, 399 F.3d at 552-53 (holding that remand to permit ALJ to explicitly consider evidence was not warranted where the evidence would not affect the outcome of case).

Hayood declined the very opportunity to develop the record that he now claims he was denied.

The ALJ evaluated T.A.H.'s psychiatric records, speech and language evaluation, occupational therapy evaluation, primary care treatment records, education records, in addition to state-agency consultant opinions and teacher report questionnaires.[49] Overall, this evidence reflected that, while T.A.H. had struggled with his speech and language skills and potentially his ability to move about and manipulate objects in 2022, T.A.H. had improvements in each of these domains.[50] By 2024, T.A.H. was no longer eligible for special education and related services as he was in the average range speech and language and fine motor skills.[51] Although T.A.H. was diagnosed with ADHD and speech and language deficits and required additional reading practice, he obtained average to excellent grades, read at his grade level, got along well with others, and participated in class.[52] Thus, the evidence was sufficient for the ALJ to conclude T.A.H. did not have a marked limitation

[49] Tr. 24-29.
[50] Tr. 26-28.
[51] Tr. 28.
[52] Tr. 26-28.

in any functional domain and the ALJ was not required to further develop the record.

In sum, we find that the ALJ considered all the evidence and adequately explained the decision for including or discounting certain limitations as established by the evidence. Accordingly, we find no error with the decision and conclude that substantial evidence supported the ALJ's evaluation of this case. As such, we recommend that this decision be affirmed.

## IV. Conclusion

For the foregoing reasons, the decision of the Commissioner in this case will be affirmed, and the plaintiff's appeal denied.

An appropriate order follows.

Submitted this 23rd day of November 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge